<hr/>

HERSHKOPF v. LINTNER et al.

(Supreme Court, Appellate Term.   January 21, 1910.)

PARTNERSHIP (§ 219*)—ACTION AGAINST—MOTION FOR JUDGMENT.

In an action against two partners, where one of them put in no answer, and the only question litigated was the liability of the defendant who did answer, where the court found for that defendant, plaintiff's motion that judgment be rendered in his favor was properly denied, though he might have been entitled to judgment against the defendant who did not answer.

[Ed. Note.—For other cases, see Partnership, Dec. Dig. § 219.*]

Dayton, J., dissenting.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Adolph Hershkopf against Adolph Lintner and another. Judgment for the mentioned defendant, and plaintiff appeals. Affirmed.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Bernard Bernbaum (Samuel F. Lasky, of counsel), for appellant.

Nathaniel H. Kramer, for respondent.

GIEGERICH, J. This is an action against two defendants, as co-partners, on an account stated. The statement was signed by the defendant Isaac Lintner only. He made no defense, but testified in the plaintiff's favor against his brother, the other defendant. Adolph Lintner defended on the ground that the obligation was that of Isaac Lintner only, and that there was never any partnership between them. The court was evidently satisfied that there was no partnership, and the evidence fully justifies that conclusion. There was no other question in the case, and there is no reason for disturbing the result reached by the trial court upon that question.

The appellant claims, however, that the judgment is erroneous because the defendant Isaac Lintner put in no answer and did not dispute the plaintiff's claim, and that a judgment in plaintiff's favor at least against him should have been rendered. This may be true, but the record does not show that the plaintiff asked for a judgment against him. The only question litigated, and the only question to which the court's attention was directed, was the liability of the defendant Adolph Lintner, and consequently the plaintiff's motion, made in broad terms, that judgment be rendered in favor of the plaintiff, was properly denied.

The judgment should be affirmed, with costs.

LEHMAN, J. I concur. One side or the other is guilty of gross perjury. The parties and witnesses are all related, and all are evidently biased by a family dispute, and each party is in some respects corroborated and in other respects contradicted by documentary evidence. The trial justice could, therefore, best determine where the truth lies.

DAYTON, J. (dissenting). Exhibit 1 for the $400 was signed "Lintner Bros., by I. Lintner," in the presence of Adolph Lintner. True, this is denied by Adolph; but on the whole case the evidence is against him on this point. The verified answer of Adolph Lintner does not deny the partnership alleged in the complaint, but sets up that:

"If there was moneys loaned to the defendant Isaac Lintner, that said Isaac Lintner was to repay same to said plaintiff herein. That when the said defendant Adolph Lintner severed connections in business with said Isaac Lintner he was released of any indebtedness at 55 Suffolk street, with plaintiff's knowledge and approval."

This loan was made June 1, 1908. No claim is made that plaintiff had any knowledge, nor that notice was given, of the dissolution of the

firm. About October, 1908, these parties separated in business. The loan originally was $421.17. Of this $21.17 was paid before October, 1908. About June 30, 1904, articles of copartnership for five years were drawn, but not signed, as Adolph Lintner was in bankruptcy and could not openly be in business. Afterwards bill heads of Lintner Bros. were used, and after this loan Adolph paid $400 to Isaac for a general release. Plaintiff is out his $400 loaned to this firm.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.